LEHIGH VALLEY RAILROAD COMPANY, PLAINTIFF-RE-
SPONDENT, v. METROPOLITAN LUMBER COMPANY,
DEFENDANT-APPELLANT.

Argued May 7, 1929—Decided January 13, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the appellant, *Milton Unger* and *Leonard J. Emmer-
glick.*

For the respondent, *George S. Hobart.*

PER CURIAM.

The action was brought to recover rent reserved under a
lease amounting to $1,800 and taxes for the years 1926 and
1927 paid by the lessor-plaintiff and payable under the terms
of the lease by the lessee-defendant.

The defendant answered, admitting the reservation of rent
by the terms of the lease and that such lease provided that
as a part of the rental reserved it would pay all taxes and
assessments against the leased premises, but denying that the
plaintiff had made any payment for taxes as alleged in its
complaint.

As a separate defense the defendant-appellant pleaded that since the making of the lease and prior to October 1st, 1927, the date from which the rent was sought to be recovered, a part of the leased premises had been taken by the state, under its power of eminent domain and that the defendant had, therefore, been deprived of the use and enjoyment of the portion so taken, and therefore the plaintiff below was not entitled to have and maintain its action for the rent reserved.

Upon notice and hearing the answer was stricken out and summary judgment ordered for the plaintiff below and judgment accordingly entered.

From this judgment the defendant below appeals. The factual situation is that the state highway commission desired for highway purposes a portion of these leased lands and the plaintiff below as owner of the title in remainder conveyed to said highway commission eight hundred and twenty-three one-thousandths of an acre of a total of two and two hundred and thirty-eight one-thousandths acres, expressly subject to the estate and interest of the defendant below under its lease. Subsequently the state highway commission instituted proceedings to condemn the defendant-lessee's interest in such lands. This proceding resulted in an award to the defendant of $9,822.32 "as the value of the leasehold interest in said lands and damages thereto as aforesaid." Such was the language of the report of the condemnation commissioners. This sum has been paid to and accepted by the defendant-appellant.

Two grounds of reversal are urged by the appellant. 1. That the proceeding in question amounted to an eviction of it as tenant and entitles it to an abatement of the rent reserved proportionate to the nature and extent of the eviction.

We think this is not legally or logically sound, but conclude that the proper rule is that laid down in 1 *Washb. Real Prop.* 324, which is as follows: "It has sometimes been attempted to apply the principle of eviction from a part of the premises where lands under lease have been appropriated to public use, under the exercise of eminent domain * * *

but the better rule, and one believed to be adopted in most of the states, is that such a taking operates, so far as the lessee is concerned, upon his interest as property for which the public are to make him compensation, and does not affect his liability to pay rent for the entire estate according to the tenor of his lease, and this extends to ground rent; such taking does not abate any part of the rent due."

2. No provision is made in the statute under which the condemnation proceedings were had for the inclusion in an award made to compensate the tenant and no such amount, was included in the award made to appellant.

We conclude that this is without legal merit.

The statute in question directs the commissioners "to appraise the said land or property and assess the damages," "to view and examine the land * * * and make a just and equitable assessment of the amount to be paid by the petitioner for such land and damages aforesaid," and further provides that where a part of a tract is taken compensation shall be made for the value of that part taken and damages awarded, if any for and toward the portion not taken.

Here about one-third of the leased lands was taken and the lease had eleven years and four months to run. Computing the rent reserved for this term would be about $6,800; the award was $9,822.32, and the difference is $3,000. The commissioners were controlled by the measure of value of leaseholds laid down in *Newark* v. *Eisner,* 100 *N. J. Eq.* 101, namely the present value of the difference between the market value of the leasehold and the rent reserved, and we must say that the commissioners in their award not only applied this rule but also allowed in their award damages amounting to or being tantamount to an abatement in the rental value of the premises by reason of taking the part in question.

We conclude that this ground of appeal is likewise without legal substance and that the judgment under review must be affirmed.