LOUIS HYMAN, PLAINTIFF-APPELLANT, v. CHARLES E. HILD AND COLONIAL LUMBER AND TIMBER CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Submitted May 7, 1940—Decided September 28, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *E. Gustave Greenwald* (*Aaron Heller,* of counsel).

For the defendants-respondents, *Louis A. Schiffman* and *Feder & Rinzler* (by *Morris Dobrin*), (*Feder & Rinzler,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is a suit in replevin for the possession of certain goods and chattels consisting of machinery, tools,

&c., located in Wallington, Bergen county. The court sitting without a jury rendered a verdict in favor of the defendant.

It appears from the settled state of case that the chattels in question were used in the business of Modern Body Works, Inc. (hereinafter called Modern Co.), and were located in premises owned by Louis Hyman, appellant, who distrained for rent due him from Modern Co. and who purchased same in the distraint proceedings at a sale held April 20th, 1938. The appellant's claim of possession rests on his purchase of the chattels at this sale as evidenced by the bill of sale from the constable in charge dated April 20th, 1938. Appellant instructed the said constable not to impound the chattels. He permitted Modern Co. to retain possession and to continue to use same and to remain in his said premises.

It further appears that Charles E. Hild, respondent, was sergeant-at-arms of the District Court of the Second Judicial District of the county of Bergen and that he conducted a sale of the chattels on June 18th, 1938, pursuant to an execution in accordance with a judgment recovered in that Court by the Colonial Lumber and Timber Co., respondent (hereinafter called Colonial Co.), against Modern Co. and that Colonial Co. purchased the same at the sale. Possession of the chattels was obtained by Colonial Co. under an order for possession entered in that court on the basis of the sale of June 18th, 1938, possession having been in Modern Co. up to that time.

The question before the trial court on the proofs was whether or not the appellant had established his right to possession. Was there any invalidity in the distraint proceedings which made his bill of sale void?

It is argued by the respondent that the distraint proceedings were a nullity and therefore the bill of sale to appellant void because the provisions of *N. J. S. A.* 2:58-35 and 2:58-36 were not complied with in that the requisite notices were not given and that neither the sheriff, under-sheriff nor a constable of the place "where in the distress shall be taken" acted in the premises. It does not appear from the state of case that the statutory notices to the tenant were not given. Nor does it appear that the appraisal of the goods required by *N. J.*

*S. A.* 2:58-38 was not in fact made. We find no statutory provision which requires the sale to be made by the sheriff, under-sheriff or constable of the place. It appears that the constable who conducted the sale was not of Wallington but of a neighboring municipality. We think that fact does not disqualify him. What the late Mr. Justice Minturn said in *Commercial Credit Co.* v. *Vineis,* 98 *N. J. L.* 376, seems pertinent on this point.

"A distress warrant issued by a landlord to his bailiff was entirely a personal proceeding at common law; arose out of the early feudal conception of self-help, and stands the sole surviving relic in modern statutory law of the absolutism incident to the ancient feudal doctrine governing land tenures. 2 *Poll. & Mait. Eng. L.* 574.

"The landlord might have exercised this right of distress and sale himself, but for convenience delegated the power to a bailiff, and thereby created *inter esse* the legal relationship of principal and agent. *Big. Hist. Pro.* 202."

Another point urged by the respondent is that appellant's failure to make a demand for possession before the issuance of the writ precludes his recovery. We think not because a demand was unnecessary and would have been an idle form under the circumstances. It appears that the constable, Mr. Hild, representing the Colonial Co., respondent, informed appellant's attorney of the writ of replevin he had and that he was taking possession of the chattels unless same were rebonded, &c. *Cf. A. B. C. Credit Corp.* v. *Big Bear Used Car Co., Inc.,* 14 *N. J. Mis. R.* 907; *Arthur* v. *Calabrese,* 148 *Atl. Rep.* 568.

If appellant's bill of sale conveyed the title of the chattels to him and consequently the right of possession, neither his title nor right of possession was in any way affected by his action in permitting Modern Co. to have possession of same. That possession was subject to his superior right. His permitting Modern Co. to continue as a tenant in his premises and to continue its business there and have the possession and use of the chattels while perhaps unusual was nonetheless not inconsistent with his right to possession.

The respondent attacks the appellant's bill of sale and the

legality of the distraint proceedings upon which its validity is derived. But we are restricted on this appeal to the settled state of case and we find nothing in it which raises any question of its validity.

It follows that if appellant as we think acquired by his bill of sale title to the chattels and therefore a right of possession the bill of sale to respondent was of no effect. The fact that respondent obtained judgment of possession against Modern Co. in its said replevin suit has no bearing on this appellant who was not a party to that action and whose claim to possession was not there an issue.

We conclude that there appears from the record no testimony to justify the verdict. It is therefore reversed, with costs.